INHABITANTS OF PEMBROKE *vs.* COUNTY COMMISSIONERS OF
PLYMOUTH.

The proceedings of county commissioners laying out a highway were quashed,
where the original petition for the way was defective, in not expressing with
sufficient exactness the termini of the proposed way, and where it appeared
that the road, as laid out, was not within the road prayed for.

THIS was a petition for a *certiorari* to quash the proceed-
ings of the commissioners of Plymouth county, in laying out
a highway.   It alleged that " Nathaniel Church and others
presented their petition to said county commissioners, repre-

senting that the highway leading from the guide-board, near Ichabod Hatch's mill, in Marshfield, to the Boston and Plymouth road, in said Pembroke, is in many places narrow and inconvenient, and also that there are two very prominent and steep hills, both of which can be avoided by locating a new road or roads a short distance, and by which the distance of travel would be much shortened. And also that the highway leading from Ephraim Randall's, in said Pembroke, easterly to the house of John Ford, Esq., in Marshfield aforesaid, is in many places very narrow and crooked, and that there is one very bad hill in said road, near the house of the late Elisha Magoun, in Pembroke, which would be in part avoided by locating a new road across a corner a very short distance, and praying that said commissioners would view said premises and make such widening, alterations, and locations as the public convenience and necessity should require, and also to discontinue such parts of the old road as said commissioners should deem expedient.

" And your petitioners further show that after and pursuant to an order of notice, the said county commissioners, after a view and hearing of the parties interested who were present, did adjudge and determine, that the public convenience and necessity did require that the prayer of said petitioners be granted, as appears of record in the office of the clerk of said commissioners, and on the eighth day of October, 1849, did proceed to widen, alter, and new locate the said roads as prayed for in said petition.

" And your petitioners further show that among other widenings, alterations, and new locations by said commissioners there made, said commissioners did locate a new road, as mentioned and described in their return made and recorded in the office of the clerk of said commissioners, in the words and figures following, viz: ' They commence laying out and establishing a new road at a stake in the easterly side of the Brick-Kiln lane, so called, in Pembroke, on land of William Collamore, near his house, thence south seventy-one and three fourths degrees, east, five rods and eighteen links to land of Luther Briggs: Same thirty-seven rods and four links to a

stake, south seventy-eight and a half degrees, east thirty-five rods to the creek:   Same course one rod, ten links to land of the heirs of Anthony Collamore, in which widow Caroline Collamore has a life-estate:   Same course seventeen rods to a stake, south eighty-three degrees, east one hundred and thirty-six rods to the road near the house of Nathaniel Magoun, the road to extend in width one and a quarter rods on each side of said line.'

" And your petitioners further show that said county commissioners in and by said locations, did order and require your petitioners to cause said widenings, alterations, and new locations, so far as the same are within the limits of the town of Pembroke, to be built and made safe and convenient for public travel, on or before the first day of January, 1851. And your petitioners further show that believing that said county commissioners, in the location of the new road above described, have exceeded their authority by law, they have refused and neglected to build said new road agreeably to the location of said county commissioners.   Whereupon the said county commissioners did proceed to take measures to build said new road above described, and have given public notice by advertisements in the newspapers printed in Plymouth, that they will put out at auction on Saturday, the fifteenth day of May current, at two o'clock in the afternoon, the building of the same, a copy of which advertisement is exhibited herewith.

" And your petitioners further show, that said county commissioners, as they are advised and believe, have exceeded their authority in locating the piece of new road hereinbefore mentioned and described, extending from Brick-Kiln lane, so called, to the old road near the house of Nathaniel Magoun. in the following particulars, to wit:

'1st. Because the petition upon which the said new road was located, was defective, because one of the termini was not stated and described with sufficient definiteness therein, and the persons and corporations interested in the notice therein, could tell within four miles where the point of ter mination was intended to be.

30 *

' 2d. Because the location of said piece of new road above mentioned and described, does not follow the route prayed for in said petition, nor does it have its terminus in the Boston and Plymouth road, as set forth in said petition.

' 3d. Because said county commissioners exceeded the prayer and intentions expressed in said petition by laying out a new road two hundred and thirty-two rods in length from the old road, near Nathaniel Magoun's, to Brick-Kiln lane, so called, while said petition only contemplated and prayed for such widenings as should be necessary, and for such alterations and new locations as should be necessary to avoid the hills therein mentioned, and cut off the crooks and curves between the guide-boards at Ichabod Hatch's mill, to the present termination of the old road at the Boston and Plymouth road.

' 4th. Because the said commissioners did locate an entire new road from Nathaniel Magoun's to Brick-Kiln lane, without discontinuing any portion of the old road from said Magoun's to the Boston and Plymouth road, and the same was not an alteration or widening of the old road from the guide-board near Ichabod Hatch's, to the Boston and Plymouth road, neither was it such a new location as was necessary to avoid the two hills mentioned in said petition.

' 5th. Because said new location having one of its termini at the old road, and the other terminus being at Brick-Kiln lane, is not either at the Boston and Plymouth road, or in said old road, and so is entirely illegal and void.'

" Wherefore, your petitioners pray that a writ of *certiorari* may issue, directed to said county commissioners, commanding them to certify to this court the whole of their proceedings in the premises, and that said record and proceedings may be quashed. And your petitioners further pray, that the said county commissioners may be restrained by an injunction, from any further proceedings in relation to the construction of this road, or in the making of any contracts for the construction thereof, until the further order of this court."

At the October term, 1852, the respondents answered " that the prayer of said petition ought not to be granted, because they say there are no errors to be corrected in said proceed-

ing, the same having been conducted in every respect according to law, as by the records of said court of county commissioners here in court, now produced, will appear.

" And for further answer to the petition, specifications, and assignments of alleged errors in said proceeding, they say in answer and denial of the first ground specified: That the termini were described in the petition with sufficient definiteness, as much so as the statute requires, and that the town of Pembroke, the complainant, had due notice thereof, and were present by their agents, at the hearing and view of said petition with said commissioners, and they had further and sufficient notice of the exact termini of the proposed location.

" To the second ground: They answer that the location of the said new road mentioned in the alleged error does follow the route prayed for in said petition, and has its terminus in effect and practically in the Boston and Plymouth road; that is to say, its terminus being in Brick-Kiln lane, and but a few rods from the Boston and Plymouth road, and said Brick-Kiln lane leading to and connecting with said Boston and Plymouth road.  Said new road is also between the termini mentioned in said petition.

" To the third : They answer and deny that they have exceeded the prayer and intentions expressed in said petition. The records show no such objection and error.  They submit the said location was within the termini named in the said petition, and avoided the hills therein mentioned, and was such a location as the petition prayed for, and as in your respondents' judgment, public convenience and necessity required.

" To the fourth: They answer that the said petition prayed for the location of a new road or roads a short distance, and by which the distance of travel would be much shortened, and the public convenience and necessity did not require, in your respondents' judgment, the discontinuance of the old road; and they submit that said location and doings which appear upon the record, was an alteration of the old road from the guide-board near Ichabod Hatch's to the Boston and Plymouth road, and such a location as was necessary to avoid the two hills mentioned in said petition.

" To the fifth: They answer, one of the termini in the location is substantially and practically at the Boston and Plymouth road, as was before stated, and the other terminus as at the old road, that is to say, at a point in the road near the house of Nathaniel Magoun's, in Pembroke, which point is in the old road and between the termini described in said petition as the guide-board near Ichabod Hatch's mill, in said Marshfield, and the Boston and Plymouth road in Pembroke."

*J. H. Loud*, for the petitioners.

*J. H. Clifford*, for the respondents.

BY THE COURT. It is difficult, if not impossible to make this case intelligible to those not acquainted with the localities, without the surveys and plans used at the hearing.

1. It appears to the court, that the petition under which the commissioners laid out a section of new road, was defective, in not expressing the termini with sufficient exactness.

2. That in comparing the actual location of the way with the petition, allowing considerable latitude of construction, the way laid out was not within the route prayed for by the petition, and, therefore, not within the authority of the commissioners.

3. By not following the petition on which notice was given, and by laying out the way upon a line not prayed for, no legal notice is, in effect, given to those over whose lands it is actually laid; nor to the persons and corporations whose interests are affected by it.

*Writ of certiorari ordered.*